Present:  Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and
Koontz, JJ., and Whiting, Senior Justice

HENRY L. FLETCHER,
TRUSTEE, ET AL.

OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 960693                 January 10, 1997

JAMES N. FLETCHER, JR.

                    FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                        H. Selwyn Smith, Judge Designate


     In this chancery proceeding arising from a dispute over an

inter vivos trust, we consider the extent of a trustee's duty to

furnish information about the trust instrument and about other

documents relating to the trust.

     The facts are presented on appeal by a Rule 5:11 agreed

statement of facts.  During their lifetimes, J. North Fletcher

and Elinor Leh Fletcher, his wife, residents of Fauquier County,

accumulated substantial assets.

     Following Mr. Fletcher's death in 1984, Mrs. Fletcher

executed a revocable, inter vivos "Trust Agreement" in December

1985 in which she placed all her assets.  The ten-page document,

containing nine articles, named her as both "Grantor" and

"Trustee."  In August 1993, the Grantor modified the Trust

Agreement by executing a "Trust Agreement Amendment."  The five-

page Amendment replaced Article Six of the Trust Agreement with a

new Article Six.

     The Trust Agreement as amended (the Trust Agreement)

contains, among other things, specific provisions for the

establishment of a number of trusts upon the Grantor's death,

including three separate trusts for the respective benefit of

appellee James N. Fletcher, Jr., an adult child of the Grantor, and his two children, Andrew N. Fletcher, born in 1972, and Emily E. Fletcher, born in 1976 (sometimes collectively, the beneficiaries). The three separate trusts were to be in the amount of $50,000 each. The Trust Agreement appointed appellant Henry L. Fletcher, another adult child of the Grantor, and appellant F & M Bank-Peoples Trust and Asset Management Group, formerly Peoples National Bank of Warrenton, as successor Trustees to act upon the Grantor's death.

Under the Trust Agreement, the Trustees are authorized, in their discretion, to expend for the benefit of James N. Fletcher, Jr., such amounts of the net income and principal of the $50,000 trust as may be necessary to provide him adequate medical insurance and medical care during his lifetime, or until such time as the trust is depleted. In the event the trust is still in existence at Fletcher's death, then the Trustees are required to transfer and pay over to his surviving children his or her proportionate share of the balance of the remaining principal and income.

Under the Trust Agreement, the Trustees also are authorized, in their discretion, to expend for the benefit of Fletcher's children such amounts of the income and principal of each of the $50,000 trusts as they deem advisable.

The Grantor died in June 1994. Upon her death, the Trust Agreement became irrevocable, and the successor Trustees assumed

their duties. They established the three $50,000 trusts, and the beneficiaries have benefited from them.

In June 1995, beneficiary James N. Fletcher, Jr., instituted the present proceeding against the Trustees. In a bill of complaint, the plaintiff alleged that the December 1985 instrument recites that the Grantor "transferred, assigned and set over certain cash and securities which were . . . described in a schedule entitled `A' attached to the trust agreement." The plaintiff further alleged that, upon his mother's death, he was advised that the assets had been transferred to "a new trust" with the defendants as Trustees.

The plaintiff also asserted that he "requested details from the defendants of both the December 3, 1985 trust and the trust created with the assets of that trust upon his mother's death," and that the Trustees have refused to comply with his request. He further asserted that he has been provided with only pages 1, 8 and 9 of the 1985 instrument and "two pages" from the Amendment. The plaintiff also asserted that "[w]ithout a listing of the precise terms of both trust agreements or a complete listing of the assets of these trusts," he is "unable to determine whether or not the trust estate is being properly protected."

Plaintiff also alleged that Trustee Henry L. Fletcher "has repeatedly made a point of justifying his failure to disclose the requested information . . . by stating that it was his mother's

request that the trust terms and dealings be kept confidential, even from the beneficiaries."  Further, the plaintiff asserts that Trustee Fletcher "has failed to produce any written direction from [their mother] with respect to the confidentiality."  This situation, along with other facts, according to the allegations, has resulted in "an extremely strained relationship between" the brothers.

Concluding, the plaintiff alleged that because he lacks the "relevant information" sought, "he is unable to determine whether or not either trustee is properly performing their duties as a trustee[] according to law."  Thus, he asked the court to compel the Trustees "to provide full and complete copies of all trust instruments in their possession that relate to the two trusts referred to herein."

In a demurrer, the Trustees asserted that the bill of complaint failed to state a cause of action.  In an answer, the Trustees denied that any "new trust" was created upon the Grantor's death, and asserted that the Trust Agreement remained in effect following the death.  The Trustees asserted, however, that upon the death, "separate trusts were created under the express terms of the Trust Agreement," and that the plaintiff has been provided with "all provisions of the Trust Agreement relating to him and his children, along with regular accountings relating to his interest under the Trust Agreement."  In sum, the Trustees denied the plaintiff is entitled to the information

sought.

In October 1995, pursuant to an agreed order, the Trustees filed the Trust Agreement under seal with the court, to be examined only by the court.

Subsequently, the trial court heard argument on the demurrer and, during the hearing, ruled that the plaintiff was entitled to see all provisions of the Trust Agreement. The court noted that the plaintiff's "interests as a child of" the Grantor and as "a beneficiary of her trust outweighed the arguments advanced" by the Trustees.

Accordingly, in a January 1996 final order, the court said it was of opinion that the plaintiff "has an absolute right to complete copies of the Trust Agreement and all amendments referred to in the pleadings and associated documents." Thus, the court ordered the Trustees to provide the plaintiff with "full and complete copies of the Trust instruments that are referred to in the Bill of Complaint filed in this cause." The Trustees appeal.

The Trustees contend the trial court erred in finding that the plaintiff had an absolute right to review complete copies of the Trust Agreement and in ordering them to provide plaintiff with such copies. Emphasizing that the trust instrument established three separate trusts, the Trustees argue the trial court's order "ignores the fiduciary duty of confidentiality between the Trustees and other beneficiaries under the . . .

Trust Agreement."  Noting the use of revocable trusts in planning disposition of assets upon death, the Trustees say that following a grantor's death, "the trustees handle the trust assets for the various beneficiaries, in accordance with the grantor's instruction, in a manner appropriate for each beneficiary taking into account the unique circumstances applicable to each beneficiary."

Continuing, the Trustees observe that a grantor, as here, often "directs the trustee to segregate trust assets into separate trusts for the benefit of different beneficiaries."  See Code § 55-19.3 (trustee may divide a trust into two or more separate trusts).  According to the Trustees, "Segregation of a trust into separate trusts for different beneficiaries not only segregates the assets, but also segregates the trustee's duties to the different beneficiaries."  The Trustees say that a "trustee has a continuing duty to the grantor to fulfill the trustee's obligations under the trust agreement.  The trustee also has a fiduciary duty to the beneficiaries of each trust established under the agreement.  The trustee's duties to the beneficiaries of each separate trust do not overlap."

The Trustees point out the plaintiff has not alleged any wrongdoing on their part "nor has he alleged that he has any interest under the . . . Trust Agreement other than his interest in a separate trust established for his benefit."  The Trustees state they have provided the plaintiff with copies of the

- 6 -

portions of the Trust Agreement that pertain to the establishment and administration of the separate trusts, have submitted a copy of the Trust Agreement to the trial judge so the court may determine whether they have disclosed to the plaintiff all relevant information, and have provided regular accountings to the beneficiaries with respect to their separate trusts. The Trustees argue that the family relationship and the "specter" of disharmony, standing alone do not create a right in the plaintiff to compel disclosure. Finally, the Trustees argue "the trial court's Order compelling disclosure violates the public policy that permits individuals to ensure privacy of their affairs through the use of inter vivos trust agreements in lieu of wills."

We do not agree with the Trustees' contentions. They place too much emphasis upon the duties of trustees while neglecting the rights of beneficiaries.

This is a case of first impression in Virginia. The parties have not referred us to any cases elsewhere that are factually apposite, and we have found none. Nevertheless, text writers and the Restatement articulate settled principles that are applicable.

"The beneficiary is the equitable owner of trust property, in whole or in part. The trustee is a mere representative whose function is to attend to the safety of the trust property and to obtain its avails for the beneficiary in the manner provided by

- 7 -

the trust instrument."  Bogert, The Law of Trusts and Trustees § 961, at 2 (Rev. 2nd ed. 1983).  See Shriners Hospitals for Crippled Children v. Smith, 238 Va. 708, 710, 385 S.E.2d 617, 618 (1989) (trustee should preserve and protect trust fund for benefit of all interested in its distribution).  See also Rowland v. Kable, 174 Va. 343, 367, 6 S.E.2d 633, 642 (1940) (trustee owes undivided duty to beneficiary).  The fact that a grantor has created a trust and thus required the beneficiary to enjoy the property interest indirectly "does not imply that the beneficiary is to be kept in ignorance of the trust, the nature of the trust property and the details of its administration."  Bogert, § 961, at 2.

Therefore, "[t]he trustee is under a duty to the beneficiary to give him upon his request at reasonable times complete and accurate information as to the nature and amount of the trust property, and to permit him or a person duly authorized by him to inspect the subject matter of the trust and the accounts and vouchers and other documents relating to the trust."  Restatement (Second) of Trusts § 173 (1959).  Accord Bogert, § 961, at 3-4; IIA Scott, The Law of Trusts § 173, at 462 (4th ed. 1987). Indeed, "[w]here a trust is created for several beneficiaries, each of them is entitled to information as to the trust."  Scott, § 173, at 464.

And, even though "the terms of the trust may regulate the amount of information which the trustee must give and the

frequency with which it must be given, the beneficiary is always entitled to such information as is reasonably necessary to enable him to enforce his rights under the trust or to prevent or redress a breach of trust." Restatement § 173 cmt. c. See In Re Estate of Rosenblum, 328 A.2d 158, 164-65 (Pa. 1974).

Turning to the present facts, we observe that the appellate record fails to establish that the Grantor directed the Trustees not to disclose the terms of the entire Trust Agreement to the beneficiaries. The trust instrument, which we have examined, does not mention the subject. Although the Trustees assert the Grantor orally gave such instructions, the plaintiff questions this fact. And, there was no evidentiary hearing below to decide the matter. Thus, we express no opinion on what effect any directive of secrecy by the Grantor would have on the outcome of this case.

Recognizing the foregoing general principles of the law of trusts, the Trustees nevertheless seek to remove this case from the force of those rules by dwelling on the fact that three separate trusts were created. In essence, the Trustees treat this single integrated Trust Agreement as if there are three distinct trust documents, each entirely independent of the other, a circumstance that simply does not exist.

There is a single cohesive trust instrument based on a unitary corpus. The Trustees seek to avoid the beneficiary's scrutiny of eight pages of the Trust Agreement. They also seek

- 9 -

to prevent review of Schedule "A," which lists the cash and securities the Grantor transferred to the trust corpus. This document was not even included in the sealed papers filed with the trial court.

The information not disclosed may have a material bearing on the administration of the Trust Agreement insofar as the beneficiary is concerned. For example, without access to the Trust Agreement (even though there are numerous separate trusts established), the beneficiary has no basis upon which he can intelligently scrutinize the Trustees' investment decisions made with respect to the assets revealed on Schedule "A." The beneficiary is unable to evaluate whether the Trustees are discharging their duty to use "reasonable care and skill to make the trust property productive." Sturgis v. Stinson, 241 Va. 531, 535, 404 S.E.2d 56, 58 (1991) (quoting Restatement (Second) of Trusts § 181 (1959)). Also, the beneficiary is entitled to review the trust documents in their entirety in order to assure the Trustees are discharging their "duty to deal impartially" with all the beneficiaries within the restrictions and conditions imposed by the Trust Agreement. Sturgis, 241 Va. at 534-35, 404 S.E.2d at 58.

In sum, we hold that the trial court correctly required the Trustees to disclose the information sought. Thus, the judgment appealed from will be

Affirmed.