# CIRCUIT COURT OF THE CITY OF ROANOKE

Martha Franck Rollins et al.

v.

Branch Banking and
Trust Co. of Va., Trustee

April 30, 2001

Case No. CH00-488

BY JUDGE JONATHAN M. APGAR

This matter is before the court on defendant's amended demurrer. A demurrer tests the legal sufficiency of the pleading and, for these purposes, the court considers as true all material facts properly pleaded, facts impliedly alleged, and facts that can be fairly inferred from the allegations. *See Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993).

On September 12, 2000, the defendant moved for oyer of the trust instruments referred to in the Bill of Complaint. Both sides argued the amended demurrer as if this motion had been granted, so the court recognizes the trust instruments and, in ruling on the demurrer, considers the facts as amplified by the trust instruments. *See Ward's Equipment, Inc. v. New Holland North Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997). The Court has not considered any documents attached to the parties' briefs for which a motion craving oyer was neither requested nor granted.

The complainants are the beneficiaries of two irrevocable trust agreements (hereinafter "the trusts"). According to the Bill of Complaint, the grantors set up trusts in 1977 for the benefit of their children and grandchildren. These trusts were initially funded primarily with shares of stock in Tultex Corporation, a textile company. At its inception, the trustee (originally Piedmont Trust Bank) obtained the written authority of the beneficiaries to over-concentrate the trust with Tultex and Pannill Knitting stocks. The trust remained over-concentrated in Tultex stock until the trustee sold the stock in

1997, at the direction of the beneficiaries. At that time, however, the value of the stock had plummeted and was worth one/twentieth of its highest value.

Complainants (hereinafter "the beneficiaries") allege that the defendant (hereinafter "the trustee") consulted with the grantors concerning investment decisions, but did not communicate with the beneficiaries. As a result of the trustee's actions, the beneficiaries claim they lost $25,000,000. They have filed a four-count Bill of Complaint against the trustee alleging (1) breach of contract, (2) negligence, and (3) breach of fiduciary duty. Under these three separate theories, the beneficiaries have sought to hold the trustee (successor-in-interest Branch Banking and Trust Company of Virginia) liable for the loss of value suffered by the trust. In the fourth count, the beneficiaries also seek removal of the trustee.

## Breach of Fiduciary Duty

Under all three theories, the beneficiaries claim the trustee improperly administered and managed the trust. Whether the beneficiaries state a cause of action for failing to advise them of the decline of Tultex stock, failing to diversify, or failing to actively secure approval for the sale of the declining stock, the beneficiaries are essentially bringing a claim against the trustee for allowing the trust corpus to deteriorate. In essence, they allege the trustee failed to undertake the duties required to preserve and protect the trust assets.

The trustee has countered that regardless of whether the beneficiaries seek to hold it liable for breach of written terms or breach of common law duties, the trustee may not be held liable for the beneficiaries' loss. The trustee contends that when, as here, the trust vests the power to make investment decisions exclusively in persons other than the trustee, the trustee cannot be liable for the loss resulting from the retention of the investment. Va. Code § 26-5.2.

The legal and equitable obligations of a trustee result from the nature of the relationship between the parties and not the literal words of the trust agreements. *See Fletcher v. Fletcher*, 253 Va. 30, 36, 480 S.E.2d 488, 491 (1997). "Trusts are made with strict reference to their faithful execution, and it has been said that the entire doctrine of trusts rests on the principle that equity regards that as done which should be done." C.J.S., *Trusts*, § 9.

In the absence of language included in the agreement, the duties of a trustee are those imposed by common law. *See* Bogert, *Trusts and Trustees*, § 541. The trustee's paramount duty is the preservation and protection of the trust estate in compliance with the terms of the trust. *See Shriners Hospitals for Crippled Children v. Smith*, 238 Va. 708, 710, 385 S.E.2d 617, 618

(1989); *Broaddus v. Gresham*, 181 Va. 725, 26 S.E.2d 33 (1943). "The safety of the trust fund is the first care of the law and on this depends every rule which has been made regarding the conduct of trustees." C.J.S., *Trusts*, § 247.

By statute and by common law, the duty to preserve ordinarily includes the duty to diversify the trusts' investments. *See Hoffman v. First Va. Bank*, 220 Va. 834, 839, 263 S.E.2d 402, 407 (1980). In this case, the grantor gave the trustee the power to make investments. The trustee's power to diversify, however, was limited by the express language of Article X of the trust instruments. This article provides that "Investment decisions as to the retention, sale, or purchase of any asset of the Trust Fund shall likewise be decided by such living children or beneficiaries, as the case may be."

The trustee contends that Article X gives the beneficiaries the exclusive right to control the retention, sale, or purchase of the Tultex stock. Citing Va. Code § 26-5.2,[1] the trustee states that it cannot be held liable for any loss resulting from the beneficiaries' decision to retain Tultex stock. The beneficiaries contend that the trust does not give the power exclusively to the beneficiaries.

The plain language of the instrument, however, clearly contradicts the beneficiaries' argument. The beneficiaries, alone, had the power to make investment decisions. The statute enacted by the General Assembly recognizes the basic principal that the court cannot hold a trustee, or anyone else, liable for decisions that it did not and could not have made. The statute clearly applies in this instance and the beneficiaries have not stated a cause of action against the trustee for failing to diversify the trust assets. The demurrer is sustained as it relates to all claims for failure to diversify.

To ensure the trust's conservation, a trustee also has a duty to keep informed as to the conditions of the trust. C.J.S., *Trusts*, § 247. Additionally, the trustee has a duty to impart to the beneficiary any knowledge he may have affecting the beneficiary's interest and he cannot rid himself of this "duty to warn." See Restatement 2d Trusts, § 173. In other words, the trustee has a duty to fully inform beneficiaries of all facts relevant to the subject matter of

---

[1] Va. Code § 26-5.2 — *Liability of fiduciary for action of cofiduciary* — C. Whenever the instrument under which a fiduciary or fiduciaries are acting reserves unto the trustor, testator, or creator or vests in an advisory or investment committee or any other person or persons, including a cofiduciary, to the exclusion of one or more of the fiduciaries, authority to direct the making or retention of investments, or any investment, the excluded fiduciary or cofiduciary shall be liable, if at all, only as a ministerial agent and shall not be liable as fiduciary or cofiduciary for any loss resulting from the making or retention of any investment pursuant to such authorized direction.

the trust which come into the trustee's knowledge and which are material for the beneficiary to know for the protection of his interests. *See generally Van Deusen v. Snead*, 247 Va. 324, 331-32, 441 S.E.2d 207, 211 (1994); *Carstensen v. Chrisland Corp.*, 247 Va. 433, 442 S.E.2d 660 (1994) (agent owed duty to disclose all facts to principal which might influence the principal in deciding upon a course of action).

Mimicking language adopted by the Supreme Court, the beneficiaries have pled that the trustee breached a duty to use the degree of care in the management of the trusts that a prudent person of discretion and intelligence would exercise in his own like affairs. This language is sufficient to state a cause of action against the trustee for breach of fiduciary duties. *See Ward v. Nationsbank*, 256 Va. 427, 436, 507 S.E.2d 616, 621 (1998).

To permit such a claim does not contradict the language of the statute. The statute clearly prohibits the law from imposing liability on the trustee for failing to do what he had no ability to do. Va. Code § 26-5.2. The trust instruments clearly place the authority to make investment decisions with the beneficiaries. Their conduct in requesting the retention of Tultex prohibits them from complaining about the decision now. Va. Code § 26-5.2(C). As noted in § 26-5.2(D), the prohibition on recovery does not excuse a trustee from liability for failing to participate in the administration of the trust or for failing to attempt to prevent a breach of trust. Va. Code § 26-5.2. Thus, a trustee may be held liable for a loss caused by his conduct for actions which he was entrusted to take. The demurrer is overruled as to Count III, the allegations of breach of fiduciary duty, except as they relate to failure to diversify.

### Negligence

The trustee has not stated a cause of action for negligent administration of the trust. To the extent that the cause of action relates to negligent hiring or retention, it has not stated sufficient facts to support the claim. Both claims require a complainant to allege the employer had notice of the unfitness of the employee, and, therefore, a complaint must include at least one allegation that would have put the employer on notice. *See Courtney v. Ross Stores, Inc.*, 45 Va. Cir. 429 (Fairfax County 1998). The beneficiaries have not alleged such specific acts.

To the extent that the claim for negligent administration is based on the trustee's failure to use reasonable care in the management of the trust, it is subsumed in the breach of fiduciary count. The demurrer is sustained with leave to amend as to Count II, the allegations of negligence.

*Breach of Contract*

A trust instrument is not a contract. However, a beneficiary to a trust may bring a cause of action against a trustee for breach of the trust agreement much in the same manner a third-party beneficiary could bring a breach of contract action against a party to the contract.

When a trustee agrees to administer a trust, he agrees to do so upon the terms and conditions set forth in the trust instrument. To bring an action for breach of a trust agreement, the complainant must allege that the trustee breached one or more of the terms expressed in the agreement or terms that could be inferred or implied by the language of the agreement. *See Ward*, 256 Va. at 434, 507 S.E.2d at 620 (1998). The beneficiaries have alleged that the trustee breached the trust agreement by (1) failing to diversify the assets of the trust and keeping almost all trust assets in Tultex during the decline of the textile industry, (2) failing to report to the beneficiaries on the status of the trusts and their holdings, (3) failing to seek timely approval of the beneficiaries to remain over-concentrated in Tultex stock as the financial condition of the company deteriorated, (4) failing to advise the beneficiaries on a timely basis of the risks of over concentration, and (5) failing to execute in a timely manner instructions to sell the stock.

Ordinarily, trust instruments detail the powers given to the trustee in order to accomplish the purpose of the trust. If the trustee exercises a power he does not possess or exercises a power he has without using reasonable care, it is proper to file a bill of complaint for breach of a trust agreement. *See Ward*, 256 Va. at 435, 507 S.E.2d at 621.

There is nothing in either the express or implied terms of the trust agreement that would require the trustee to report to the beneficiaries, advise the beneficiaries, or actively seek approval from the beneficiaries. To the extent that the trustee is required, if at all, to communicate with the beneficiaries, such a duty is a common law duty and subsumed by a breach of fiduciary duty claim.

The beneficiary has correctly stated a claim for breach of a trust agreement for failure to execute the beneficiaries' instructions to sell the Tultex stock. The power to sell is found in Article V. The selling of stock at the request of those empowered to make decisions concerning investments is a ministerial act. Such cause of action arose at the time the beneficiaries ordered the trustee to sell the stock. The trustee has not demurred to the breach of contract claim as it relates to failure to execute the beneficiaries' instructions. The demurrer to Count I, the remainder of the breach of contract, is sustained.

*Conclusion*

In conclusion, the demurrer is sustained as it relates to all claims arising from a failure to diversify funds. The demurrer is sustained to Count II: negligence, and to Count I: breach of contract, except the beneficiaries have properly stated a claim against the trustee for failure to execute the beneficiaries' instructions. The demurrer is overruled as to Count III: breach of fiduciary duty.