# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

J. Leonard Hartman

v.

Barbara H. Walker et al.

April 5, 2007

Case No. CL06-324

BY JUDGE EDWARD L. HOGSHIRE

On August 30, 2006,[1] J. Leonard Hartman ("Mr. Hartman") filed a Complaint ("Compl.") against Barbara H. Walker, Lynn-Hall W. Ward, and Robert Lee Walker, Jr. (referred to collectively as the "Walker Family"), and Margaret W. Martin, Anne W. Durrett, and Branch Banking & Trust Company of Virginia ("BB&T"), alleging that the defendants, as co-trustees and/or remainder beneficiaries of the J. Leonard Hartman Family Trust ("Hartman Trust"), breached their fiduciary duty to Mr. Hartman and violated the Prudent Investor Act, Va. Code Ann. § 26-45.3 *et seq.*, and the Uniform Principal and Income Act, Va. Code Ann. § 55-277.1 *et seq.* The Walker Family's demurrer to the Complaint gives rise to the issues presently before the Court. Although other motions have been filed in this case, the only issues that appear to have been fully briefed by the parties, and hence the only issues presently before this Court, are those raised on demurrer. For the reasons stated below, the Court overrules the Walker Family's demurrer as to all Counts.

---

[1] Amended on January 5, 2007, to include additional defendants, Margaret W. Martin and Anne W. Durrett, which was agreed to by stipulation of the parties on March 21, 2007.

## Standard of Review

For the purposes of demurrer, the facts as stated in the plaintiff's Complaint, along with the attached exhibits, will be taken as true and correct. *Flippo v. F & L Land Co.*, 241 Va. 15, 17 (1991). The facts admitted are those expressly alleged, those that fairly can be viewed as impliedly alleged, and those that may fairly and justly be inferred from the facts alleged. *Rosillo v. Winters*, 235 Va. 268, 270 (1988) (quoting *Ames v. American National Bank*, 163 Va. 1, 37 (1934)). As long as a claim contains sufficient allegations of material fact to inform the respondent of its true nature and character, it will withstand demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993). However, a demurrer will be sustained when the pleading does not state a cause of action or fails to state facts upon which the relief demanded can be granted. Va. Code § 8.01-273.

## Statement of Facts

On August 31, 1991, Pauline H. Hartman ("Mrs. Hartman"), mother of the plaintiff J. Leonard Hartman and defendant Barbara H. Walker ("Mrs. Walker"), died testate. (Compl., ¶ 8.) Under the terms of Mrs. Hartman's Last Will and Testament ("Will"), the J. Leonard Hartman Family Trust and the Barbara H. Walker Family Trust were created, designating Mr. Hartman and Mrs. Walker as the income beneficiaries of their respective trusts. (Compl., ¶ 9; Will art. 4th.) Upon the death of Mr. Hartman or Mrs. Walker, the Will directed that the assets of their respective trusts revert to the other and, thereafter, to the grandchildren of Mrs. Hartman (Will arts. 4th–5th), including Mrs. Walker's children, the defendants Lynn-Hall W. Ward ("Mrs. Ward"), Robert Lee Walker, Margaret W. Martin, and Anne W. Durrett.

As their primary assets, each Trust was provided with equal shares in the Preston Court, Limited Partnership, and the Hartman Family Corporation. (Will arts. 4th, 5th.) The Hartman Trust also holds a limited amount of cash and mutual funds worth roughly $113,000. (Compl., ¶ 10.) Both the Preston Court Partnership, of which Mrs. Walker is the General Partner (Compl., ¶ 13), and the Hartman Family Corporation hold title to improved and unimproved real estate in the Charlottesville area, some of which generates rental income as the primary source of revenue for the two entities. (Compl., ¶¶ 11–12, 14–15.) Although the assets of the two entities are valued in excess of $14,500,000 (Compl., ¶ 17), the Hartman Trust has distributed only "minimal income" to the plaintiff (Compl., ¶ 18). Indeed, in 2005, the plaintiff received less than $19,000 from his Trust. (Compl., ¶ 19.)

According to the plaintiff, Mrs. Walker, Mrs. Ward, and BB&T, as Co-Trustees of the Hartman Trust, have "failed to approve measures by which the Preston Court, Limited Partnership, or Hartman Family Corporation . . . could increase the amount of income . . . received by the [Hartman] Trust and ultimately Mr. Hartman as an income beneficiary." (Compl., ¶ 20.) For example, the plaintiff alleges that Mrs. Walker, in her dual roles as General Partner for the Limited Partnership and as Co-Trustee of the Hartman Trust, has failed to disclose offers made to the Partnership for the purchase of Partnership property that were well in excess of the appraised value of the land. (Compl., ¶¶ 21, 24.) In addition, the plaintiff alleges that Mrs. Walker and Mrs. Ward have acted in concert with other family members to develop portions of the Partnership property at Partnership expense without the knowledge or consent of the plaintiff. (Compl., ¶ 22.) According to the plaintiff, these and other actions have been undertaken by the Co-Trustees to deprive him of income from the Hartman Trust, so that the value of the Trust would be maintained for the benefit of the remainder beneficiaries, all of whom are the children of Mrs. Walker. (Compl., ¶ 25.) Thus, the plaintiff is seeking the removal of the defendant Co-Trustees from the Hartman Trust (Compl., ¶45) and $800,000 by way of a surcharge from the Co-Trustees.

*Analysis*

Count I: *Breach of Fiduciary Duty*
Count II: *Violation of the Prudent Investor Act and the Uniform Principal and Income Act*

In Count I of his Complaint, the plaintiff alleges that the Co-Trustees of the Hartman Trust have failed to fulfill their fiduciary duties, as outlined in the Prudent Investor Act, Va. Code Ann. § 26-45.3 *et seq.*, and the Uniform Principal and Income Act, Va. Code Ann. § 55-277.1 *et seq.* (*see* Pl.'s Br. in Opp'n to Dem. at 8), by improperly preserving the principal of the Trust for the benefit of the remainder beneficiaries. (Compl., ¶ 33.) In so pleading, the plaintiff has provided several examples of actions and inactions taken by the Co-Trustees to allegedly prejudice his interest in the Trust, including a failure to fully entertain purchase offers presented for unproductive property held by the Trust. (Compl., ¶¶ 29–31.)

In Count II of his Complaint, the plaintiff further alleges that the Co-Trustees' failure to diversify the investments of the Hartman Trust and their lack of impartiality towards the various Trust beneficiaries violate both the Prudent Investor Act, Va. Code Ann. § 26-45.3 *et seq.*, and the Uniform

Principal and Income Act, Va. Code Ann. § 55-277.1 *et seq.* (Compl., ¶¶ 38–39.) The defendants assert that Mrs. Hartman expressly rejected application of the Prudent Investor Act to the Trust, as demonstrated by the language in her Will, and that, in any event, the conduct of the Trustees is fully consistent with both Acts.

As the defendants have pointed out, the Prudent Investor Act provides merely a default rule that may be "expanded, restricted, eliminated, or otherwise altered by the provisions of a trust." Va. Code Ann. § 26-45.3(B). However, in order to do so, a testator's intent must be clear, "expressly manifest[ing] an intention that [the Act] be waived." *Id.* Under both the current version of the Act and the version existing at the time of Mrs. Hartman's death, this intent could be demonstrated in a variety of ways, though "[a] general authorization in a will or trust authorizing a fiduciary to invest in such assets as the fiduciary, in his sole discretion, may deem best" will not suffice. *Id.*; *see also* Va. Code Ann. § 26-45.1(e), *repealed* by 1999 Va. Acts ch. 772.

In the present case, while the testator suggested that the Co-Trustees of the Hartman Trust could maintain undiversified investments (Will art. 5th), given that Mrs. Hartman originally comprised the Trust primarily of land held by her family businesses, it does not follow that the Co-Trustees were therefore relieved from their obligation to manage the Trust holdings in accordance with the Prudent Investor Act. In fact, under the version of the Prudent Investor Act in operation at the time Mrs. Hartman drafted her Will, the mere fact that she permitted Trustees the ability to maintain undiversified investments, such as a closely held family business, would not have had the effect of waiving application of the Act. *See* Va. Code Ann. § 26-45.1(e), *repealed* by 1999 Va. Acts ch. 772 (noting that the requirements of the Act could only be waived "(i) by reference to the 'prudent man' rule, (ii) by reference to the power of the fiduciary to make 'speculative' investments, or (iii) by other language synonymous with (i) or (ii). . . ."). Further indication of Mrs. Hartman's intent regarding the Prudent Investor Act is found in Article Sixth of her Will, which permits the Co-Trustees to invade the Trust to provide income for a beneficiary in a time of need; under such circumstances, Mrs. Hartman expressly permitted that "the Trustees shall not be required to treat all of the beneficiaries alike or equally," suggesting that in the absence of need, they otherwise should. (Will art. 6th.)

Finally, to accept the defendants' position would require the Court to accept their contention that the Will authorizes them to provide Mr. Hartman with "no income at all" (Defs' Br. in Opp'n to Pl's Br. in Opp'n to Dem. at 5–6, 11–12), a position that seems wholly at odds with the testator's creation of

trusts for each of her children, expressly designed to provide them with income. (Will arts. 4th, 5th.) In addition, the defendants' position that the Trust assets could be maintained for the benefit of the remainder beneficiaries at the expense of the income beneficiary seems especially dubious given the testator's creation of *inter vivos* trusts expressly for the benefit of her grandchildren. (Pl.'s Reply Br. at 21–22.)

Thus, notwithstanding language in the Will granting the Co-Trustees broad authority to manage the Hartman Trust, given the strong presumption in favor of application of the Prudent Investor Act, *see e.g., Hoffman v. First Va. Bank of Tidewater*, 220 Va. 834, 841 (1980) (holding that the testator intended to waive application of the Prudent Investor Act based *not* solely on his testamentary statement that Trustees could hold undiversified investments, but also on additional statements expressly permitting the Trustees to act "regardless of . . . State laws"), the Act is deemed to apply in this case.

With regard to the application of the Uniform Principal and Income Act ("UPIA"), the Will itself requires that the statute govern to determine "what shall constitute principal and what shall constitute income of . . . any trust estate" created under the terms of the Will. (Will art. 10th, ¶ 12.) Only in the absence of statutory guidance are the Co-Trustees to have "absolute discretion" to determine such matters. (Will art. 10th, ¶ 12.) Although the defendants have cited this language as suggestive of their authority to deny the plaintiff any net income from his Trust (Defs' Br. in Opp'n to Pl's Br. in Opp'n to Dem. at 8, 14), they thereafter cite provisions of the UPIA to demonstrate that their conduct, as alleged by the plaintiff, is fully consistent with the Act. (Defs' Br. in Opp'n to Pl's Br. in Opp'n to Dem. at 9–14.) Indeed, the Defendants' Complaint for Judicial Aid and Direction to Trust Fiduciaries ("Compl. for Aid"), filed after commencement of this suit and the subject of pending motions before this Court, acknowledges as much. (Compl. for Aid, ¶¶ 23–25.) Although the defendants' Complaint for Aid will not be taken as an admission of fault on the part of the defendants, the Court is persuaded by the fact that the defendants have raised no question about the applicability of the UPIA therein. Thus, the provisions of the UPIA are held to apply to the management of the Hartman Trust.

Having concluded that both the Prudent Investor Act and the Uniform Principal and Income Act do apply to this case, it is clear that the plaintiff has alleged sufficient facts to survive demurrer. While it is true that neither Act specifically demands that a beneficiary be paid a "reasonable income," they do contemplate that beneficiaries will be impartially favored, Va. Code Ann. §§ 26-45.7, 55-277.3(B), and that trusts will be managed so as to fulfill the intent of the testator, which may in fact require that a reasonable "net income" be

provided. *See* Va. Code Ann. § 55-277.3(A); *Sturgis v. Stinson*, 241 Va. 531 (1991). Similarly, while the Acts do not mandate diversification of assets, they do provide a series of factors to be considered in determining whether the assets of a particular trust should be diversified and how assets should be managed. *See* Va. Code Ann. §§ 26-45.4(C), 55-277.4. In addition, as a Co-Trustee and beneficiary of the Trust, Mr. Hartman must be provided with adequate information "to enable him to enforce his rights under the trust or to prevent or redress a breach of the trust." *Fletcher v. Fletcher*, 253 Va. 30, 36 (1997). To the extent that the Co-Trustees have failed to provide the plaintiff with information concerning offers made for Partnership property (Compl., ¶ 21), they may have prevented a full determination of whether, because of "special circumstances," Va. Code Ann. § 26-45.5, the purposes of the Trust are better served by maintaining the unproductive property; as such, they may have breached their duty to Mr. Hartman.

Thus, while the Will does grant the Co-Trustees significant authority to oversee the Trust, given that "[t]he authority to undertake a specific action and the proper exercise of that authority are distinct considerations," *Ward v. NationsBank of Va.*, 256 Va. 427, 436 (1998), and noting the fact-specific inquiry necessitated by the Prudent Investor Act and the UPIA, the defendants' demurrer as to Counts I and II will be overruled.

Count III: *Removal of the Co-Trustees*

Count III of the Plaintiff's Complaint seeks removal of the Co-Trustees. As the plaintiff has alleged sufficient facts to survive demurrer on the previous counts, the defendants' demurrer to this Count will also be overruled.