# CIRCUIT COURT OF FAIRFAX COUNTY

Gary Buzbee
and Michele Buzbee

v.

U.S. Bank, N.A., et al.

May 2, 2012

Case No. CL2010-11329

By Judge Jonathan C. Thacher

This matter came before the Court on September 2, 2011, upon Defendants' Demurrer to Second Amended Complaint. After considering the pleadings and briefs filed by counsel and oral argument, the Court took the matter under advisement. For the reasons set forth below, Defendants' demurrer is sustained.

*Background*

In this "show me the note" case, Plaintiffs, Gary and Michele Buzbee, have sued for declaratory judgment to prevent foreclosure on their home by Defendants, US Bank, N.A., as trustee for the GSR Mortgage Loan Trust 2005-AR4 ("US Bank") and Samuel I. White, P.C. ("SIW"). Additionally, Plaintiffs allege a breach of fiduciary duty by Defendant SIW. The foregoing facts are alleged in the Complaint:

On April 20, 2005, Plaintiff's took out a $500,000 mortgage to purchase a home (the "Property"). At that time, Plaintiff Gary Buzbee signed a Promissory Note (the "Note"), which named Wells Fargo Bank, N.A. ("Wells Fargo") as the lender. Compl. Ex. A. Plaintiffs also signed a Deed

of Trust (the "DOT"), securing the Note, which named Wells Fargo as beneficiary, and SIW as trustee. *Id.* Under the terms of the DOT, the Note is freely transferrable without notice to Plaintiffs. *Id.* It is alleged that Wells Fargo then sold the Note into the secondary market.

At some point thereafter, Plaintiffs stopped making payments on their loan. SIW sent multiple demands for payment, threatening Plaintiffs with foreclosure if they failed to pay.

On May 10, 2010, Plaintiffs sent a Qualified Written Request to Wells Fargo, allegedly requesting validation of the debt and identity of the secured creditor. Wells Fargo responded by letter, dated May 21, 2010, identifying only the "investor" for the loan as Goldman Sachs and including copies of the Note and DOT. Compl. Ex. A. In the letter, Wells Fargo stipulated that any missing information is due to the request being overly broad or the requested information being proprietary. Compl. Ex. A.

On July 9, 2010, Plaintiffs received notice from SIW that it had been instructed by US Bank to "initiate foreclosure proceedings." Compl. Ex. B. In a separate letter, also dated July 9, 2010, SIW notified Plaintiffs that the original Note had been lost or destroyed. Compl. Ex. C. In the letter, SIW stated:

> upon the expiration of fourteen days from the date of mailing of this notice, [SIW] will be requested to schedule the sale of the secured property. If the original note is located, then [SIW] will be requested to schedule the sale of the property immediately.

*Id.*

By letter, dated July 23, SIW notified Plaintiffs that an auction sale of the Property had been scheduled for August 9, 2010. Plaintiffs, by counsel, then sent letters to SIW, dated July 26, requesting evidence that US Bank had authority to initiate foreclosure.

SIW responded by e-mail on August 8, 2010, producing a Lost Note Affidavit (Compl. Ex. D) and a Corporate Assignment of the Deed of Trust ("CADOT") (Compl. Ex. E), both dated August 5, 2010. The CADOT named US Bank as beneficiary of the DOT. Compl. Ex. E.

The foreclosure sale took place on either August 9 or August 10, 2010. It is further alleged that the sale was later rescinded for reasons unrelated to this action.

Plaintiffs now bring the instant action for declaratory relief, alleging that US Bank has no legal interest in the Note and cannot foreclose the Property under the DOT. Further, Plaintiffs allege that SIW breached its fiduciary duty by going forward with the foreclosure without verifying whether US Bank had actual authority to initiate a foreclosure.

*Analysis*

*I. Standard of Review*

In Virginia, a "demurrer tests the legal sufficiency of a pleading and can be sustained if the pleading, considered in the light more favorable to the plaintiff, fails to state a valid cause of action." *Kitchen v. City of Newport News*, 275 Va. 378, 385-86, 657 S.E.2d 132 (2008) (citing *Welding, Inc. v. Bland Cnty. Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909 (2001)). On demurrer, the court must admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652 (1991). "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).

A. *Count I: Declaratory Judgment*

"The purpose of the declaratory judgment statute is to provide a mechanism for resolving uncertainty in controversies over legal rights, without requiring one party to invade the asserted rights of another in order to permit an ordinary civil action for damages." *Umstattd v. Centex Homes, G.P.*, 274 Va. 541, 548, 650 S.E.2d 527 (2007) (citing Va. Code § 8.01-191). Here, Plaintiffs assert that they are entitled to declaratory relief because US Bank lacks authority to enforce the terms of the DOT; specifically, US Bank is without authority to foreclose on the secured property. Therefore, Plaintiffs ask for a judgment declaring that US Bank has no legal or equitable interest in the Property and that US Bank cannot foreclose on the Property.

This is essentially a "show me the note" case, where Plaintiffs claim that US Bank had no authority to foreclose on the Property. "Show me the note" cases are contrary to Virginia's non-judicial foreclosure laws, which do not require secured creditors to come before the court to prove their authority to foreclose on secured property. Va. Code §§ 55-59(7), 55-59.1; *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623, n. 3 (4th Cir. 2011) ("As Virginia law provides, in the event of default on a deed of trust, the trustee 'shall forthwith declare all the debts and obligations secured by the deed of trust at once due and payable and may take possession of the property and proceed to sell the same at auction' without any need to first seek a court decree."); *Brown v. HSBC Mtg. Corp.*, No. 1:10-CV-1427, 2011 U.S. Dist. LEXIS 80943, at *5 (E.D. Va. July 22, 2011); *Zambrano v. HSBC Bank USA,*

*Inc.*, No. 01:09-CV-996, 2010 U.S. Dist. LEXIS 51371, 2010 WL 2105164, at *6 (E.D. Va. May 25, 2010).

Plaintiffs do not dispute that they are in default of their obligations under the DOT, nor do they dispute the free transferability of the Note. Plaintiffs' only argument is the assertion that US Bank is not the beneficial owner of the DOT. Plaintiffs provide the following allegations in support of this assertion.

### 1. *The Wells Fargo Letter*

Plaintiffs make much of the May 21 letter from Wells Fargo, listing Goldman Sachs as the "investor" in the loan. It is not possible to fairly infer from this letter that US Bank was not the beneficiary of the DOT. Aside from the obviously different meanings of the terms "secured creditor" and "investor," Wells Fargo's response could not have had any effect on the actual ownership of the loan.

Under 15 U.S.C. § 1641(f)(2), when the borrower requests the identity of the secured creditor, the servicer shall provide the information "to the best [of its] knowledge." Even if Wells Fargo did identify Goldman Sachs as the secured creditor (which it did not), the only inference to be drawn would be that *to the best of Wells Fargo's knowledge,* Goldman Sachs was the secured creditor. Plaintiffs cite no legal authority or basis for the notion that Wells Fargo's response could somehow impair the rights of the actual secured creditor.

Additionally, under 12 U.S.C. § 2605(e)(2)(C), Wells Fargo's response was adequate to meet its obligation as servicer to the loan, because it sent a timely response, explained the reason for any missing information, and provided contact information to answer any additional questions. *See Caminero v. Wells Fargo Bank, N.A.*, No. 1:07CV800, 2008 U.S. Dist. LEXIS 17111, 2008 WL 640264 (E.D. Va. Mar. 5, 2008).

### 2. *Assignment*

Plaintiffs next claim that US Bank was not the owner of the Note, because the date of the CADOT conflicts with requirements in the Prospectus to the GSR Mortgage Loan Trust 2005-AR4. Plaintiffs allege that this irregularity invalidates the assignment. Where the facts concerning formation of a contract are not in dispute, the existence of a contract is a question of law, not of fact. *See Phillips v. Mazyck,* 273 Va. 630, 635-36, 643 S.E.2d 172 (2007) (quoting *Valjar, Inc. v. Maritime Terminals, Inc.,* 220 Va. 1015, 1018, 265 S.E.2d 734 (1980)); *Mullins v. Mingo Lime & Lumber Co.,* 176 Va. 44, 48, 10 S.E.2d 492 (1940).

Here, Plaintiffs have not challenged any facts concerning formation of the assignment between Wells Fargo and US Bank. Rather, they challenge

the legal enforceability of that contract. This is a question of law, and, unlike questions of fact, Plaintiffs are not entitled a favorable inference on demurrer.

Additionally, Plaintiffs are not a party to or an intended beneficiary of the assignment, and therefore lack standing to challenge its validity. *See* Va. Code Ann. § 55-22; *see also Wolf v. Fed. Nat'l Mtg. Ass'n*, No. 3:11-CV-00025, 2011 U.S. Dist. LEXIS 135259, 2011 WL 5881764, at *5-6 (W.D. Va. Nov. 23, 2011) (restating Virginia's law that third parties to an assignment, without showing that they are intended beneficiaries, lack standing to challenge the assignment).

In *Wolf*, the plaintiff attempted to rescind her mortgage prior to foreclosure. *Wolf*, 2011 U.S. Dist. LEXIS 135259, 2011 WL 5881764 at 1. The plaintiff claimed that the assignment of the deed of trust was invalid because the underlying promissory note had been "lost" at the time. 2011 U.S. Dist. LEXIS 135259, [WL] at 5. The court found that the plaintiff had no standing to challenge the assignment because she was not a party to it or an intended beneficiary. 2011 U.S. Dist. LEXIS 135259, [WL] at 6.

In this case, as in *Wolf*, there is no dispute "between the assignor and assignee with respect to the assignment's validity." 2011 U.S. Dist. LEXIS 135259, [WL] at 6. Also like *Wolf*, there was no injury to the borrower, because "regardless of the outcome of this litigation, [borrowers are] still in default on [their] mortgage and subject to foreclosure." 2011 U.S. Dist. LEXIS 135259, [WL] at 6 (quoting *Bridge v. Ames Capital Corp.*, No. 1:09-CV-2947, 2010 U.S. Dist. LEXIS 103154, 2010 WL 3834059, at *4 (N.D. Ohio Sept. 29, 2010)).

We find that the court in *Wolf* accurately stated the law of Virginia and that, because Plaintiffs here were not parties or beneficiaries to the assignment, they lack legal standing to challenge the assignment. Therefore, Plaintiffs legally hollow allegation that the assignment was invalid cannot create a factual inference that US Bank was not the beneficiary of the DOT.

### 3. *Notice of Lost Note*

Plaintiffs also claim that the Lost Note Affidavit violated Va. Code § 8.3A-309. However, § 8.3A-309 is not applicable to mortgage foreclosures, which are governed by § 55-59.1. As this Court has stated before, "a violation of § 8.3A-309, by itself, has no effect on a creditor's foreclosure action under Virginia's foreclosure laws." *Benkahla v. White*, 82 Va. Cir. 116, 119 (2011).

Virginia Code § 55-59.1(B) pertinently states:

> If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee *may nonetheless*

proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing the notice. . . . If the trustee proceeds to sale, the fact that the instrument is lost or cannot be produced *shall not* affect the authority of the trustee to sell or the validity of the sale.

(Emphasis added.)

There is no allegation that Defendants have failed to comply with the statutory requirements of § 55-59.1. To the contrary, Plaintiffs clearly allege that they received notice of the lost note by letter, dated July 9, 2010, which stated that, after fourteen days, the Trustee would be requested to schedule a foreclosure sale. Compl. Ex. C. Plaintiffs further allege that fourteen days later, on July 23, 2010, SIW notified them of a scheduled foreclosure sale on the Property. Compl. ¶ 20.

Plaintiffs claim that, because the Affidavit of Lost Note and CADOT are both dated only four days prior to the foreclosure sale, it is "clear" that US Bank had no interest in the note. Even if taken as true on demurrer, this allegation is irrelevant as a matter of law as there is no statutory requirement concerning the timing of the Affidavit of Lost Note or the CADOT and no reason to infer from the alleged timing of these documents that US Bank was not the beneficiary of the DOT.

None of the above allegations support the assertion that US Bank was not the beneficiary of the DOT or that it had no authority to foreclose on the Property. Because this is Plaintiffs' third attempt at stating a cause of action and they have failed to allege facts that would support their cause of action, this Court finds that it would not serve the interests of justice to allow further amendments to the Complaint. Therefore, Defendants' Demurrer to Count I is sustained with prejudice.

## B. *Count II: Breach of Fiduciary Duty*

Plaintiffs next allege that SIW, as Trustee, breached its fiduciary duty to Plaintiffs by failing to verify that US Bank had authority to invoke foreclosure. A trustee has only the powers and duties defined in the trust agreement. *See Ward v. NationsBank*, 256 Va. 427, 435, 507 S.E.2d 616 (1998); *Horvath v. Bank of New York*, No. 1:09-CV-01129, 2010 U.S. Dist. LEXIS 19965, 2010 WL 538039, at *1 (E.D. Va. Jan. 29, 2010). We expect trustees to act with the caution of a reasonably prudent person. *See Fletcher v. Fletcher*, 253 Va. 30, 36-37, 480 S.E.2d 488 (1997).

In *Horvath*, a similar case, the plaintiff alleged that the trustee had violated its fiduciary duties by failing to perform due diligence before initiating foreclosure. *Horvath*, 2010 U.S. Dist. LEXIS 19965, 2010 WL

538039, at *1. The United States District Court for the Eastern District of Virginia accurately stated the law of Virginia when it found that "a trustee under a deed of trust has no such duty of diligence, and trustees only owe duties listed in the deed of trust." *Id.*

Plaintiffs have not alleged that any such due diligence duties exist in the DOT. Plaintiffs' only allegation is a violation of impartiality, but since we find that Plaintiffs have not alleged facts sufficient to challenge US Bank's interest in the DOT, there is no reason for the Court to believe that SIW acted imprudently or impartially. This claim is entirely dependent upon the validity of Count I, and, therefore, Defendants' Demurrer to Count II is also sustained with prejudice.

## Conclusion

For the reasons set forth above, Defendant's Demurrer is sustained with prejudice.